IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEJUAN JENKINS,<br>ANTRAY HALL,<br><br>     **Plaintiff,**<br><br>vs.<br><br>ANTHONY WILLS,<br>C/O REAVES,<br>C/O PEDRO,<br>C/O ROBERTS,<br><br>     **Defendants.** | )<br>)<br>)<br>)<br>)<br>)  Case No. 24-cv-1488-DWD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

  This matter is before the Court for case management purposes. On June 12, 2024, Kejuan Jenkins and Antray Hall, both inmates of the Illinois Department of Corrections currently detained at Menard Correctional Center, filed a complaint concerning the conditions of their confinement. The Court entered a standard order informing the plaintiffs of the filing fee, and it sought consent for this matter to proceed before a Magistrate Judge from each plaintiff. (Docs. 2, 3). At present, Plaintiff Jenkins has applied to proceed in forma pauperis (Doc. 5), and the Plaintiffs have returned a joint consent form (Doc. 8). Plaintiff Jenkins has also filed a miscellaneous motion asking to withdraw Hall from the suit. (Doc. 10). Under the circumstances, the Court deems it necessary to address several preliminary matters before completing a review of this case pursuant to 28 U.S.C. § 1915A.

## Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they desire. However, the Court must advise them of the consequences of proceeding in this manner (including their filing fee obligations) and give them an opportunity to withdraw from the case or sever their claims into individual actions.

The Seventh Circuit addressed the difficulties in administering group prisoner complaints in *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." That said, a district court may turn to other rules of civil procedure to manage a multi-plaintiff case. For example, if appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

Additionally, in reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words,

each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

There are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are two plaintiffs, the plaintiffs' postage and copying costs for filing motions, briefs, or other papers will be twice as much as that of a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. On the other hand, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Also, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases, each of which involves an additional filing fee obligation and the risk of a "strike" within the meaning of 28 U.S.C. § 1915(g). Plaintiffs may wish to consider *Boriboune* and the afore-mentioned factors in determining whether to assume the risks of group litigation.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Seventh Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out." *Id.* at 856. In keeping with this suggestion, the Court offers

Plaintiff Hall an opportunity to withdraw from this litigation before the case progresses further.[1]  Hall may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- If, at the time of filing, Plaintiff was a "prisoner" pursuant to 28 U.S.C. § 1915(h), he will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the Complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he may be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group Complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under Sections 1915(b) or (g).[2]

In addition, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs must be signed by each plaintiff. A non-attorney cannot file or sign papers for another litigant, and as long as the plaintiffs appear without counsel in this action, each plaintiff must sign

---

[1] Plaintiff Jenkins is the one who signed the complaint (Doc. 1 at 7), and he has submitted his own application to proceed IFP (Doc. 5), so the Court assumes that he wants to proceed with this case either on his own, or together with Plaintiff Hall.  The Court acknowledges Plaintiff Jenkins' recent statement in his Motion (Doc. 10) wherein he indicated Plaintiff Hall wanted to be removed from this case, but an inmate cannot file legal documents on behalf of another inmate.  If Hall wants to withdraw, he must submit his own motion that he has personally signed.
[2] The filing fee for a civil case is $405.00. A litigant who is granted IFP status, however, is exempt from paying the administrative fees and must pay a total fee of $350.00.

documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

### Disposition

For the reasons stated above, it is **ORDERED** that Anthony Hall shall advise the Court in writing on or before August 5, 2024, whether he wishes to continue as a plaintiff in this group action. If Plaintiff Hall wants to continue in this group case, he must also submit a signed copy of the complaint, because as explained above, each plaintiff must sign every pleading.

If, by August 5, 2024, Hall has not advised the Court that he wishes to participate in this action, he will be dismissed from the lawsuit and will not be charged a filing fee for this action. In other words, Hall need only take action if he wishes to continue as a plaintiff in this group action.

If, on the other hand, Hall wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing by August 5, 2024. Hall's claims shall then be severed into a new action where a filing fee will be assessed in lieu of a filing fee in this case.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants. Further action by Plaintiffs is required before the Court can complete its preliminary review of this matter under 28 U.S.C. § 1915A. When this review is

completed, a copy of the Court's screening order will be forwarded to the remaining parties in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to send a copy of this order to each Plaintiff.

**IT IS SO ORDERED.**

Dated: July 16, 2024

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge
