IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEJUAN JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1488-DWD |
| | ) |
| ANTHONY WILLS, | ) |
| STEVEN REID, | ) |
| TYLER PEDROLEY, | ) |
| DALTON ROBERTS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Kejuan Jenkins, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Menard Correctional Center (Menard).[1] Plaintiff alleges Eighth Amendment violations and negligence in relation to a several incidents in the prison's shower area in April of 2024. Defendants have moved for summary judgment concerning Plaintiff's exhaustion of administrative remedies (Doc. 80), and Plaintiff has responded (Doc. 84). For reasons explained herein, the Motion will be denied on paper, but the Defendants will be afforded the opportunity to request an evidentiary hearing or to withdraw the affirmative defense of failure to exhaust administrative remedies.

---

[1] Plaintiff was incarcerated at the time he filed his lawsuit, but he has since been released.

## BACKGROUND

Plaintiff signed his complaint on June 12, 2024, and it was received by the Court the same day. (Doc. 1 at 7) In the Complaint, Plaintiff alleged that in April of 2024 he was forced to shower in a communal area with homosexual inmates who participated in open sexual acts and attempted to persuade him to do the same. He was uncomfortable with the situation and asked Defendants to address it, but they refused and pressured him to participate. Ultimately, Plaintiff ended up in a physical altercation, which he alleges was necessary to stave off advances, and which he alleges staff did not attempt to mitigate. Upon initial review of the pleading, Plaintiff was allowed to proceed on the following claims:

> Claim 1: Eighth Amendment cruel and unusual punishment claim against Defendant Reaves related to the April 7, 2024, shower incident;
>
> Claim 2: Eighth Amendment cruel and unusual punishment claim against Defendants Pedroley and Roberts related to the April 8, 2024, shower incident;
>
> Claim 3: Eighth Amendment cruel and unusual punishment claim against Defendant Reaves for the final April 2024 shower incident that resulted in a physical altercation;
>
> Claim 4: Failure to intervene claim against Defendant Reaves for the April 2024 shower altercation; and
>
> Claim 5: State law negligence claim against Defendant Reaves for the last April 2024 shower incident that resulted in the altercation.

(Doc. 21).

In the Motion for Summary Judgment, Defendants argue that Plaintiff did not submit any relevant grievances, nor did he send any PREA reports or kites to the warden. They support their position with grievance logs, a declaration from Menard's PREA coordinator, the Warden's kite log, and declarations from a grievance officer and counselor.

In response, Plaintiff argues that he attempted to submit multiple documents about the incident in April of 2024, but he had to place them in his cell bars for mailing, and he had no way of knowing if they were properly transmitted by prison staff. He points to a grievance he submitted in 2023 about a medical issue that was not answered until more than a year later as proof of the slow nature of Menard's grievance process. Plaintiff included alleged copies of the various April grievances, as well as declarations from many fellow inmates about their ability to access sick call or to get responses to grievances.

## FINDINGS OF FACT

Grievance officer Jacob Gutersloh declared that Plaintiff received an orientation manual in March of 2022, and participated in an orientation. (Gutersloh Dec., Doc. 80-9 at ¶ 9). Despite being informed of the grievance process, the facility has no record of any grievances about the defendants between April 7, 2024, and November 9, 2024. (*Id.* at ¶¶ 7, 10). Additionally, the grievance log from the Administrative Review Board (ARB) reflects no grievances beyond March 26, 2024. (Doc. 80-2). Plaintiff's counseling summary from March of 2024 through June of 2024 did not reflect any inquiries to the counselor doing rounds about any pending grievances. (Doc. 80-4 at 1-2). However, the

counseling summary reflected that on April 12, 2024, Plaintiff was interviewed for protective custody placement. (Doc. 80-4 at 2). Plaintiff was seen periodically to be assessed for continued protective custody placement, but notes indicate he did not mention any issues relevant to this case. (*Id.*). The Warden's kite log does not depict any correspondence from Plaintiff between April and July of 2024. (Doc. 80-7 at 1-2). And finally, the prison's PREA coordinator (Jacob Weatherford) declared that he never received any kites, letters, or correspondence about Plaintiff's allegations. (Weatherford Dec., Doc. 80-8 at ¶ 7). Weatherford indicated that if he had received any relevant correspondence, he would have prepared an incident report. (*Id.* at ¶ 6).

In response, Plaintiff tendered alleged handwritten copies of grievances he claims he submitted on April 7, 2024, April 19, 2024, April 28, 2024, and April 30, 2024. All four grievances discuss the events that gave rise to this litigation. (Doc. 84 at 17-24). He also tendered letters that he alleges he attempted to transmit to Wills/the PREA coordinator on April 10, 2024, March 22, 2024, and March 25, 2024, about alleged harassment and issues with the shower situation. (Doc. 84 at 5-8). And a letter he alleges he sent to the ARB on April 18, 2024. (Doc. 84 at 9). Plaintiff contends that his exhibits show he tried to communicate his issues to the prison, but that things were out of his hands once he placed his correspondence in his cell doors for processing. Specifically, he stated, "once mail is picked up at 11:00pm he has no control over w[h]ere it goes, C/Os would have to put mail in respected mail bag." (Doc. 84 at ¶ 2).

CONCLUSIONS OF LAW

### A. Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving part." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011).[2] For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at

---

[2] The Court's ability to conduct *Pavey* hearings for evidentiary disputes on exhaustion was altered slightly by the Supreme Court's holding in *Perttu v. Richards*, 605 U.S. ___, 145 S.Ct. 1793 (June 18, 2025) (holding that if a factual dispute on exhaustion is intertwined with a factual dispute that goes to the merits of the underlying substantive claim, then a jury trial is required on the intertwined issue(s)). In the present case, the Court does not find there is a *Perttu* intertwinement issue. Although Plaintiff has indicated in his response to summary judgment that he would like to add retaliation claims and a whole litany of additional theories to this case, he has never filed a proper motion to amend, and this piecemeal request is not proper. His additional proposed claims are not supported by a clear statement of fact and thus are not plausible as presented. Additionally, he has never alleged that the grievance issue was tied to the named defendants in this case. In *Perttu* the defendant was implicated in alleged retaliation that involved his destruction of grievances about his own conduct. Although retaliation allegations have surfaced in this case in the preliminary injunctions, the Court warned Plaintiff in association with those instances that the only proper way to expand the claims in this case was to amend his pleading. (Docs. 54, 62, 64). The scheduling order (Doc. 50) clearly set a deadline for Plaintiff to amend if he wished to do so, and he did not submit any proposed amended pleading at that time. Thus, at present there is not an intertwinement issue.

1024. However, "if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting," then the grievance procedure becomes unavailable. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (finding that an inmate who placed a timely ARB appeal in his chuckhole for mailing, but whose grievance was apparently lost, did all that he could to follow exhaustion procedures).

As an inmate in the Illinois Department of Corrections (IDOC), Plaintiff must follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017). Under IDOC's procedure, an inmate initiates a grievance with his counselor, and he may then submit his grievance to a grievance officer at his facility, and to the CAO at his facility. If an inmate is unsatisfied with the outcome at the facility he must appeal to the ARB within 30 days. 20 ILL. ADMIN. CODE § 504.850(a).

B. Analysis

As a preliminary matter, on February 7, 2025, Plaintiff moved to deny the Defendants' motion for a second extension of time to file their motion for summary judgment. (Doc. 79). He argued the Defendants were unreasonably delaying the case. Plaintiff's Motion to Deny Filer (Doc. 79) is denied, the litigation was not unreasonably delayed by the few modest extensions.

The records submitted by the Defendants clearly establish that the prison does not have written documentation of grievances, letters, kites, or PREA complaints that Plaintiff alleges he filed. This evidence is directly contradicted by Plaintiff's own claims and documentation which suggest that he filed grievances, letters, kites, and PREA

reports. The Court cannot resolve a direct dispute about a material fact of this nature on the pleadings. Specifically, the Court cannot determine on paper if Plaintiff's claim that he repeatedly submitted documentation about the April 2024 shower events is credible. The motion will be denied on paper, but Defendants will have 14 days to determine if they would like to request a *Pavey* hearing.

Anthony Wills remained in this case solely for the purpose of injunctive relief (Doc. 21), but Plaintiff has now been released from prison, so any request for injunctive relief has been rendered moot. Wills shall now be dismissed from this case.

## DISPOSITION

Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. 80) is **DENIED**. Defendants must file a notice within fourteen days (14) of this Order either withdrawing the affirmative defense of exhaustion or asking for a *Pavey* hearing.

Plaintiff's release from custody has mooted any claims for injunctive relief against Anthony Wills (who was in the case in official capacity only for injunctive relief), so the Clerk of Court shall **TERMINATE** Defendant Wills immediately.

**IT IS SO ORDERED.**

Dated: August 20, 2025                    /s *David W. Dugan*
                                          _____
                                          DAVID W. DUGAN
                                          United States District Judge

## NOTICE TO PLAINTIFF

This Order is an initial decision that you have presented enough evidence to refute the defendant(s) arguments about the exhaustion of administrative remedies for your claims in this lawsuit. The defendant(s) now have the choice to withdraw their exhaustion argument, or to ask for a hearing to give more evidence about this issue. If the defendants withdraw the defense, you will get a scheduling order for next steps on the merits of your claims. If the defendants ask for a hearing, you will get an order that will explain next steps to prepare for the hearing. Any hearing will be limited strictly to the 'dispute(s) of material fact' specifically identified in this Order. You will not need to present evidence on anything other than what is specifically identified. If a hearing is scheduled, you will be allowed to present evidence and testimony on your own behalf. Details about a future hearing will be provided by future order if one is scheduled. You do not need to do anything now. The Defendants have 14 days to file a motion about what they want to do. You will get a copy of that motion, and you will get further instructions once the Defendants have filed their motion. Please be aware that there can be delays in the mailing of copies, so you should wait at least 30 days before asking for the status of this matter.